■ SUITE 1700 CORP., Appellant, et al., Plaintiff, v INOUYE & OGDEN, Respondent. [771 NYS2d 2]—

Judgment, Supreme Court, New York County (Paula Omansky, J.), entered August 21, 2002, which denied plaintiff's motion for summary judgment on the first cause of action for a declaration under the parties' license agreement and granted

defendant's cross motion for summary judgment dismissing the complaint and for summary judgment on its counterclaim for attorneys' fees, unanimously reversed, on the law, with costs, defendant's cross motion denied and plaintiff's motion for summary judgment on its first cause of action granted, and it is declared that, pursuant to the parties' license agreement, defendant may designate the two additional optioned offices only from the five existing windowed offices designated on the floor plan attached to the licensing agreement.

Plaintiff entered into an agreement to sublet or license 5 of 10 existing windowed offices from defendant, which holds the lease for half of the seventeenth floor of 90 Park Avenue. The license agreement attaches and refers to the floor plan of the demised premises and provides that, in the event that plaintiff, which was granted sole and exclusive use and possession of the five offices specifically designated on such floor plan, required additional space, it had "the right to license up to a total of two (2) additional private offices within the Demised Premises." While the agreement further provides that defendant "shall in its sole discretion determine which private office or offices shall be licensed," such discretion was clearly limited within the meaning of the agreement to the five additional existing windowed offices on the floor as reflected in the attached floor plan of the demised premises.

In finding that the term "in its sole discretion" affords defendant broad latitude in furnishing the additional office space circumscribed only by the bounds of the demised premises, and rejecting plaintiff's interpretation of the term "which office or offices" as requiring the office or offices to be chosen from those existing offices designated on the floor plan, the IAS court placed undue emphasis on a single phrase "sole discretion," undervalued the term "which," and rendered the attachment of and referral to the floor plan in the parties' license agreement meaningless. Concur—Nardelli, J.P., Andrias, Rosenberger and Friedman, JJ.